**DOC #_____**

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 08 CV 3855

--------------------------------------------------------------------------X

DAVID JEFFREY MOURICK and
BARBARA D. MOURICK,

                            Plaintiffs,

       -against-

PFIZER, INC.,

                            Defendant.

--------------------------------------------------------------------------X

**CASE NUMBER:**

**COMPLAINT
AND DEMAND
FOR JURY TRIAL**

Plaintiffs DAVID JEFFREY MOURICK and BARBARA D. MOURICK (alternatively referred to as "Plaintiffs"), by and through their attorneys PARKER WAICHMAN ALONSO LLP, hereby sue the defendant PFIZER, INC. (alternatively referred to as "Defendant") and allege as follows:

### NATURE OF THE ACTION

1.      This is an action to recover damages for personal injuries suffered by Plaintiffs as a direct and proximate result of the Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, advertising, promoting, marketing, distribution, labeling, and/or sale of the prescription drug Viagra (Sildenafil) (hereinafter referred to as "Viagra" or the "subject product").

2.      At all times material hereto, Viagra was designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled, and/or sold by the Defendant herein.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 United States Code Section 1332, in that Plaintiffs are citizens of a State which is different from the States where Defendant is incorporated and has its principal places of business.

4.      The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

5.      Venue in this action properly lies in the Southern District of New York in that the Defendant has its principal place of business in this judicial district at 235 East 42nd Street, New York, New York 10017.

## PARTY PLAINTIFFS

6.      Plaintiff David Jeffrey Mourick is a natural person and a resident of the State of Florida.

7.      Plaintiff Barbara D. Mourick is a natural person and a resident of the State of Florida.

## PARTY DEFENDANT

8.      Defendant, Pfizer, Inc., is a Delaware corporation, which has its principal place of business in New York at 235 East 42nd Street, New York, New York 10017.

9.      At all times material hereto, the Defendant was engaged in the business of designing, developing, manufacturing, testing, packaging, advertising, promoting, marketing, distributing, labeling, and/or selling the prescription drug Viagra (Sildenafil) throughout the United States.

## FACTUAL ALLEGATIONS

10.     Viagra is the trade name for the prescription drug Sildenafil, which was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as Viagra.

11.     Viagra was approved by the Food and Drug Administration on May 27, 1998, for the treatment of erectile dysfunction in men.

12.     By 2004, Viagra had reached $1.68 billion in annual sales.

2

13.     The Defendant failed to warn consumers such as the Plaintiffs of the potential side effects of Viagra, including, but not limited to, non-arteritic anterior ischemic optic neuropathy (NAION), which results from a drop in blood pressure, which restricts the flow of oxygenated blood to the optic nerve, causing irreversible vision loss and blindness.

14.     Defendant materially breached its obligations to consumers, such as the Plaintiff David Jeffrey Mourick, in designing, developing, manufacturing, testing, packaging, advertising, promoting, marketing, distributing, labeling, and/or selling Viagra.

15.     Defendant expressly and/or impliedly warranted to the market, including the Plaintiff David Jeffrey Mourick, by and through statements made by the Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Viagra was safe, effective, fit and proper for its intended use.

16.     Defendant was aware of the substantial risks from taking Viagra, including, but not limited to, the potential for the medication to cause non-arteritic anterior ischemic optic neuropathy (NAION), but failed to fully disclose same.

17.     Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff David Jeffrey Mourick, making the Defendant liable for the Plaintiffs' injuries.

18.     At all times material hereto, the Defendant failed to comply or properly comply with Federal law in connection with the subject product.

19.     Plaintiff David Jeffrey Mourick was prescribed and began using Viagra in approximately May 2004.

20.     As a result of ingesting Viagra, Plaintiff David Jeffrey Mourick was diagnosed with non-arteritic anterior ischemic optic neuropathy (NAION) in March, 2006.

3

21. At all times relevant herein, Plaintiffs were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

22. Had the Defendant properly disclosed the risks associated with Viagra, Plaintiff David Jeffrey Mourick would not have used it.

23. As alleged herein, as a direct and proximate result of the Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of the subject product, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANT (NEGLIGENCE)

24. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 23 above, with the same force and effect as if fully set forth herein.

25. At all times material hereto, the Defendant had a duty to exercise reasonable care to consumers, including plaintiff David Jeffrey Mourick herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of Viagra.

4

26.    The Defendant breached its duty of reasonable care to plaintiff David Jeffrey Mourick in that they negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled, and/or sold the subject product.

27.    Plaintiff David Jeffrey Mourick's injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of the Defendant as follows:

      a.  Failure to exercise reasonable care in the designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling Viagra;

      b.  Designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling a product that it knew, or should have known, carried the risk of seriously debilitating and/or life-threatening side effects;

      c.  Failure to adequately test Viagra prior to placing the medication on the market;

      d.  Failure to use care in designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling Viagra so as to avoid posing unnecessary health risks to users of such products;

      e.  Failure to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Viagra;

      f.  Failure to advise the consumers, such as Plaintiffs, that consumption of the medication could result in severe and disabling side effects, including but not limited to non-arteritic anterior ischemic optic neuropathy (NAION);

g.  Failure to advise the medical and scientific communities of the potential for severe and disabling side effects, including but not limited to non-arteritic anterior ischemic optic neuropathy (NAION);

h.  Failure to provide timely and/or adequate warnings about the potential health risks associated with use of Viagra;

i.  The unreasonably dangerous characteristics of Viagra existed at the time it left the control of the Defendant;

j.  Failure to take immediate and direct measures to ensure that consumers and users of Viagra, such as Plaintiff David Jeffrey Mourick , were notified, or that health care providers who prescribed this medication were notified, of such risks;

k.  Failure to proper and adequately test Viagra to determine the potential adverse health effects; and

l.  Any and all other acts of negligence with respect to Viagra which may be shown at trial.

28.    The Defendant knew or should have known that consumers such as the Plaintiff David Jeffrey Mourick herein would foreseeably suffer injury as a result of the Defendant's failure to exercise reasonable and ordinary care.

29.    The injuries sustained by the Plaintiffs were caused by or were contributed to by Defendant's negligence, recklessness, gross negligence, wantonness, willfulness, and conscious and callous disregard for the safety of the consumers and the public, including Plaintiff David Jeffrey Mourick  herein, on the part of the Defendant in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of Viagra as being safe and effective for the purposes intended and by inducing the public, including

6

Plaintiff David Jeffrey Mourick herein, to believe that Viagra was safe and effective in the treatment of erectile dysfunction in men.

30.     As a direct and proximate result of Defendant's carelessness and negligence, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

31.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANT
## (STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN)

32.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 31 above, with the same force and effect as if fully set forth herein.

33.     At all times material to this action, the Defendant was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Viagra.

34.     The subject product is defective and unreasonably dangerous to consumers.

7

35.    Viagra is defective in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

36.    At all times material to this action, Viagra was expected to reach, and did reach, consumers in the State of Florida and throughout the United States, including the Plaintiff David Jeffrey Mourick herein, without substantial change in the condition in which it was sold.

37.    At all times material to this action, Viagra was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.    When placed in the stream of commerce, Viagra contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting the Plaintiff David Jeffrey Mourick  to risks that exceeded the benefits of the subject product, including but not limited to the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION);

b.    When placed in the stream of commerce, Viagra was defective in design and formulation, making the use of Viagra more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other similar medications and drugs on the market for the treatment of erectile dysfunction in men;

c.    The subject product's design defects existed before it left the control of the Defendant;

d.    Viagra was insufficiently tested;

      e. Viagra caused harmful side effects that outweighed any potential utility; and

      f. Viagra was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including the Plaintiff David Jeffrey Mourick herein, of the full nature and extent of the risks and side effects associated with its use, thereby rendering the Defendant liable to Plaintiffs.

38.    In addition, at the time the subject product left the control of the Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff David Jeffrey Mourick's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiff David Jeffrey Mourick's injuries without substantially impairing the product's utility.

39.    As a direct and proximate result of the subject product's defective design, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

9

40.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## THIRD CAUSE OF ACTION AS AGAINST THE DEFENDANT
### (STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT)

41.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 40 above, with the same force and effect as if fully set forth herein.

42.     At all times material to this action, the Defendant was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Viagra.

43.     At all times material to this action, Viagra was expected to reach, and did reach, consumers in the State of Florida and throughout the United States, including Plaintiff David Jeffrey Mourick herein, without substantial change in the condition in which it was sold.

44.     At all times material to this action, Viagra was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

        a. When placed in the stream of commerce, Viagra contained manufacturing defects which rendered the product unreasonably dangerous;

        b. The subject product's manufacturing defects occurred while the product was in the possession and control of the Defendant;

        c. The subject product was not made in accordance with the Defendant's specifications or performance standards; and

        d. The subject product's manufacturing defects existed before it left the control of the Defendant.

45.     As a direct and proximate result of the subject product's manufacturing defects, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

46.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANT
## (STRICT PRODUCTS LIABILITY – FAILURE TO WARN)

47.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 46 above, with the same force and effect as if fully set forth herein.

48.     Viagra was defective and unreasonably dangerous when it left the possession of the Defendant in that it contained warnings insufficient to alert consumers, including Plaintiff

11

David Jeffrey Mourick herein, of the dangerous risks and reactions associated with the subject product, including but not limited to the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION), and other serious injuries and side effects, notwithstanding the Defendant's knowledge of an increased risk of these injuries and side effects over other similar drugs and medications

49.     Plaintiff David Jeffrey Mourick was prescribed and used the subject product for its intended purpose.

50.     Plaintiff David Jeffrey Mourick could not have discovered any defect in the subject product through the exercise of reasonable care.

51.     The Defendant, as a manufacturer and/or distributor of the subject prescription product, is held to the level of knowledge of an expert in the field.

52.     The warnings that were given by the Defendant were not accurate, clear and/or were ambiguous.

53.     The warnings that were given by the Defendant failed to properly warn physicians of the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION), and other serious injuries and side effects.

54.     Plaintiff David Jeffrey Mourick, individually and through his prescribing physician, reasonably relied upon the skill, superior knowledge and judgment of the Defendant.

55.     The Defendant had a continuing duty to warn Plaintiff David Jeffrey Mourick of the dangers associated with the subject product.

56.     Had Plaintiff David Jeffrey Mourick received adequate warnings regarding the risks of the subject product, he would not have used it.

57.     As a direct and proximate result of the subject product's defective and inappropriate warnings, Plaintiff David Jeffrey Mourick suffered severe and permanent physical

injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

58. By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (BREACH OF EXPRESS WARRANTY)

59. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 58 above, with the same force and effect as if fully set forth herein.

60. The Defendant expressly warranted that Viagra was safe and fit for use by consumers and users including Plaintiff David Jeffrey Mourick for its intended purpose, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

61. At the time of the making of the express warranties, the Defendant knew or should have known of the purpose for which Viagra was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

62.     At the time of the making of the express warranties, the Defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that Viagra was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

63.     Members of the medical community, including, but not limited to, Plaintiff David Jeffrey Mourick's physicians, reasonably relied upon the skill and judgment of the Defendant, and upon said express warranties, in prescribing, recommending and/or dispensing Viagra.

64.     Plaintiff David Jeffrey Mourick relied on the Defendant's express warranties.

65.     The Defendant breached said express warranties, in that Viagra was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects.

66.     As a direct and proximate result of the Defendant's breach of express warranty, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION.  Plaintiff David Jeffrey Mourick has endured substantial pain and suffering.  He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity.  Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.  Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future.  The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

67.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together

14

with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (BREACH OF IMPLIED WARRANTIES)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 67 above, with the same force and effect as if more fully set forth herein.

69.     The Defendant designed, manufactured, marketed, distributed, supplied and sold the subject product for the treatment of erectile dysfunction in men.

70.     At the time that the Defendant manufactured, marketed, distributed, supplied, and/or sold Viagra, it knew of the use for which the subject product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

71.     Plaintiff David Jeffrey Mourick, individually and through his prescribing physician, reasonably relied upon the skill, superior knowledge and judgment of the Defendant.

72.     Plaintiff David Jeffrey Mourick was prescribed, purchased, and used the subject product for its intended purpose.

73.     Due to the Defendant's wrongful conduct as alleged herein, Plaintiff David Jeffrey Mourick could not have known about the nature of the risks and side effects associated with the subject product until after he used it.

74.     Contrary to the implied warranty for the subject product, Viagra was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

75.     As a direct and proximate result of the Defendant's breach of implied warranty, Plaintiff David Jeffrey Mourick's suffered severe and permanent physical injuries, including but not limited to NAION.  Plaintiff David Jeffrey Mourick has endured substantial pain and

15

suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

76.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (FRAUDULENT MISREPRESENTATION)

77.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 76 above, with the same force and effect as if more fully set forth herein.

78.     The Defendant falsely and fraudulently represented to the medical and healthcare community, and to the Plaintiffs, and/or the FDA, and the public in general, that the subject product had been tested and was found to be safe and/or effective for the treatment of erectile dysfunction in men.

79.     The representations made by the Defendant were, in fact, false.

80.     When said representations were made by the Defendant, it knew those representations to be false and it willfully, wantonly and recklessly disregarded whether the representations were true.

16

81.     These representations were made by the Defendant with the intent of defrauding and deceiving the Plaintiffs, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community in particular, to recommend, prescribe, dispense and/or purchase the subject product for the treatment of erectile dysfunction in men, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiffs and the public in general.

82.     At the time the aforesaid representations were made by the Defendant and, at the time the Plaintiff David Jeffrey Mourick used Viagra, the Plaintiffs were unaware of the falsity of said representations and reasonably believed them to be true.

83.     In reliance upon said representations, the Plaintiff David Jeffrey Mourick was induced to and did use the subject product, thereby sustaining severe and permanent personal injuries, including but not limited to NAION.

84.     The Defendant knew and was aware or should have been aware that Viagra had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

85.     The Defendant knew or should have known that Viagra had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

86.     The Defendant brought the subject product to the market, and acted fraudulent-ly, wantonly and maliciously to the detriment of the Plaintiffs.

87.     As a result of the foregoing acts and omissions, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION.  Plaintiff

David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.    Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

88.    By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## EIGHTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (FRAUDULENT CONCEALMENT)

89.    Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 88 above, with the same force and effect as if fully set forth herein.

90.    At all times during the course of dealing between the Defendant, Plaintiffs, Plaintiff David Jeffrey Mourick's healthcare providers, and/or the FDA, the Defendant misrepresented the safety of the subject product for its intended use.

91.    The Defendant knew or was reckless in not knowing that its representations were false.

92.    In representations to Plaintiffs, Plaintiff David Jeffrey Mourick's healthcare providers, and/or the FDA, the Defendant fraudulently concealed and intentionally omitted material information, including but not limited to, the fact that:

18

a.   the subject product was not as safe as other similar drugs and medications indicated for the treatment of erectile dysfunction in men;

b.   that the subject product was defective, and that it caused dangerous side effects, including but not limited to the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION);

c.   that the subject product was manufactured negligently;

d.   that the subject product was manufactured defectively;

e.   that the subject product was manufactured improperly;

f.   that the subject product was designed negligently;

g.   that the subject product was designed defectively; and

h.   that the subject product was designed improperly.

93.     The Defendant was under a duty to disclose to Plaintiffs, Plaintiff David Jeffrey Mourick's healthcare providers, and/or the FDA the defective nature of the subject product, including but not limited to the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION) associated with the use of Viagra.

94.     The Defendant had sole access to material facts concerning the defective nature of the subject product and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used Viagra, including the Plaintiff David Jeffrey Mourick, in particular.

95.     The Defendant's concealment and omissions of material facts concerning, inter alia, the safety of Viagra was made purposefully, willfully, wantonly, and/or recklessly, to mislead Plaintiffs and Plaintiff David Jeffrey Mourick's physicians, hospitals and healthcare providers into reliance, continued use of Viagra, and actions thereon, and to cause them to purchase, prescribe, dispense and/or use the subject product.

19

96.     The Defendant knew that Plaintiffs, Plaintiff David Jeffrey Mourick's healthcare providers, and/or the FDA had no way to determine the truth behind the Defendant's concealment and omissions, as set forth herein.

97.     Plaintiffs, as well as Plaintiff David Jeffrey Mourick's doctors, healthcare providers, and/or hospitals, reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by the Defendant.

98.     As a result of the foregoing acts and omissions, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.     Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

99.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (NEGLIGENT MISREPRESENTATION)

100.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 99 above, with the same force and effect as if fully set forth herein.

20

101.    The Defendant had a duty to represent to the medical and healthcare community, and to the Plaintiffs, the FDA and the public in general that the subject product, had been tested and found to be safe and effective for the treatment of erectile dysfunction in men.

102.    The representations made by the Defendant were, in fact, false.

103.    The Defendant failed to exercise ordinary care in the representation of the subject product, while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce in that the Defendant negligently misrepresented the subject product's high risk of unreasonable, dangerous side effects including, but not limited, to the risk of developing non-arteritic anterior ischemic optic neuropathy (NAION).

104.    The Defendant breached its duty in representing the subject product's serious side effects to the medical and healthcare community, to the Plaintiffs, the FDA and the public in general.

105.    As a result of the foregoing acts and omissions, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured.    Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

106.    By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together

with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## TENTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (CONSUMER FRAUD)

107.    Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 106 above, with the same force and effect as if fully set forth herein.

108.    The Defendant acted, used and employed unconscionable commercial practices, deception, fraud, false pretenses, false promises and misrepresentations, and knowingly concealed, suppressed and omitted material facts with the intent that consumers, including Plaintiff David Jeffrey Mourick herein and his physicians and medical providers, rely upon such concealment, suppression and omission, in connection with the sale, advertisement and promotion of Viagra, in violation of all applicable state consumer fraud statutes, for the purpose of influencing and inducing physicians and medical providers to prescribe Viagra for the treatment of erectile dysfunction in men, to patients/consumers such as the Plaintiff David Jeffrey Mourick herein, and causing such patients/consumers to purchase, acquire and use Viagra for the treatment of erectile dysfunction in men, as prescribed by their physicians and medical providers.

109.    By reason of the Defendant's unconscionable, deceptive and fraudulent acts and practices, and false pretenses, false promises and misrepresentations, reasonable patients/consumers acting reasonably, such as the Plaintiff David Jeffrey Mourick herein, were caused to suffer ascertainable loss of money and property and actual damages.

110.    As a result of the foregoing acts and omissions, Plaintiff David Jeffrey Mourick suffered severe and permanent physical injuries, including but not limited to NAION. Plaintiff David Jeffrey Mourick has endured substantial pain and suffering. He has incurred significant

22

expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff David Jeffrey Mourick has lost past earnings and has suffered a loss of earning capacity. Plaintiff David Jeffrey Mourick has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff David Jeffrey Mourick's injuries and damages are permanent and will continue into the future. The Plaintiffs seek actual and punitive damages from the Defendant as alleged herein.

111.     By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## ELEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANT (LOSS OF CONSORTIUM)

112.     Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs 1 through 111 above, with the same force and effect as if fully set forth herein.

113.     Plaintiff Barbara D. Mourick is lawfully married to Plaintiff David Jeffrey Mourick and, as such, is entitled to the services, society and companionship of her spouse.

114.     That as a result of the foregoing, Plaintiff Barbara D. Mourick was caused to sustain the loss of services, income, society, consortium and companionship of her spouse during his time of injury caused by the subject product, and was caused to incur medical expenses on behalf of her spouse.

115.     By reason of the foregoing, Plaintiffs have been damaged as against the defendant in the sum of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant as follows:

a.  Awarding actual damages to the Plaintiffs incidental to Plaintiff David Jeffrey Mourick's purchase and use of Viagra in an amount to be determined at trial;

b.  Awarding treble and/or punitive damages to the Plaintiffs;

c.  Awarding pre-judgment and post-judgment interest to the Plaintiffs;

d.  Awarding the costs and the expenses of this litigation to the Plaintiffs;

e.  Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law; and

f.  Granting all such other relief as the Court deems necessary, just and proper.


Date:   Great Neck, New York
        March 27, 2008

                            Respectfully submitted,

                            **PARKER WAIGHMAN ALONSO LLP**

                            By:_____
                            Jerrold S. Parker (JP-6865)
                            Andres F. Alonso (AA-8307)
                            Melanie H. Muhlstock (MM-9309)
                            111 Great Neck Road, 1st Floor
                            Great Neck, New York 11021-5402
                            Telephone:  (516) 466-6500

                            **Attorneys for Plaintiffs David Jeffrey Mourick
                            and Barbara D. Mourick**


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues.

                            _____
                            MELANIE H. MUHLSTOCK (MM-9309)

24